UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RASTA K. WALID,

        Plaintiff,

v.

EARL JACK WISDOM, *et al.*,

        Defendants.

Case No. 3:24-cv-1452-AR

**ORDER TO AMEND**

---

**ARMISTEAD, Magistrate Judge**

    Plaintiff Rasta K. Walid, representing himself, filed this lawsuit on August 30, 2024, against 26 named defendants, including individuals, Oregon businesses, the Oregon Department of Human Services and Adult Protective Services, and the Oregon Attorney General. Walid alleges that each defendant wrongfully interfered with his contractual and business relationships, including interference with a Pledge Agreement, Promissory Note, Security Agreement, and Durable Power of Attorney. (Compl. at 3, 9, ECF No. 1.) He seeks to recover $7.5 million; the

Page 1 – ORDER TO AMEND

amount owed him under the promissory note. (*Id*. at 9, 11.)

Walid's Complaint, however, does not describe any actions that defendants took to interfere with Walid's contracts. Walid must therefore file an amended complaint to proceed with this lawsuit.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis.* For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016)

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

(per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

### A.   *Sufficiency of Complaint*

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As currently alleged, Walid's Complaint does not satisfy Rule 8. Under Oregon law, a claim for intentional interference with economic relations (IIER) "allows a party to a contract,

when that contract is breached by the other contracting (second) party, to seek damages from a third party that induced the second party to breach the contract." *McGanty v. Staudenraus*, 321 Or. 532, 536 (1995). To state an IIER claim, a plaintiff must allege each of the following elements: (1) the existence of a professional or business relationship (such as a contract), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *Id.* at 535.

As to the first element, Walid references several documents, including a "Pledge Agreement" and a promissory note, but does not attach those documents to his Complaint or describe the contractual provisions that he contends have been breached. (Compl. at 9.) As to the second, fourth, and fifth elements, Walid does not describe how defendants interfered with performance under the contract, what improper means or improper purpose were present, or how defendants' conduct caused Walid's damages.

Walid's Complaint does not include sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To proceed with this lawsuit, Walid must provide factual allegations showing that he can plausibly satisfy the elements of an IIER claim.

**B.**   ***Application to Proceed in Forma Pauperis***

The court defers ruling on Walid's IFP application until an amended complaint is filed.

\\\\\

\\\\\

Page  4  – ORDER TO AMEND

## CONCLUSION

To avoid dismissal of his lawsuit, Walid must file an AMENDED COMPLAINT within 30 days of the date of this ORDER. That is, Walid has until **October 21, 2024**, to file his AMENDED COMPLAINT, which should include allegations showing that Walid is plausibly entitled to relief. If Walid fails to respond to this ORDER by October 21, 2024, the court may dismiss this action. The court DEFERS ruling on Walid's application to proceed *in forma pauperis* (ECF No. 2).

DATED: September 20, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge