IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RASTA K. WALID**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**EARL JACK WISDOM**, an individual, et al.,<br><br>　　　　Defendants. | Case No. 3:24-cv-01452-AR<br><br>**ORDER ADOPTING F&R AND GRANTING IN PART MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |

**IMMERGUT, District Judge.**

　　On September 23, 3035 Magistrate Judge Armistead issued his Findings and Recommendation ("F&R"), ECF 182, recommending that Plaintiff Rasta K. Walid's Amended Complaint and the crossclaims of Defendants Earl Jack Wisdom and Sylena Wilkes be dismissed without prejudice for failure to follow Rule 8. The F&R recommends that Plaintiff's securities fraud claim is dismissed with prejudice and that the action be stayed under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), pending final resolution of the related probate case in Oregon state court. No party filed objections.

PAGE 1 – ORDER ADOPTING F&R AND GRANTING IN PART MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

This Court has reviewed Judge Armistead's F&R, ECF 182, and ADOPTS it in full. The motions to dismiss filed by the City of Portland (ECF 29), Fuller, Fosback, and Oregon Advocates LLC (ECF 78), Salsbury, Willamette NW Law Firm LLC, Wakemen, and Bunge (ECFs 84, 106, 120), Tonkin Torp LLP, Nagel, and Fletcher (ECF 88), Huffman (ECFs 90, 107, 115), Doyle Law, Doyle (ECFs 92 , 118), Brethour (ECF 94), Rudolph, Rudolph Law, LLC (ECFs 95 , 109), Tucker (ECF 99), Garman (ECFs 102 , 104), Schmaltz and Ticor Title Company of Oregon (ECF 155) are GRANTED in part as follows. The Amended Complaint and the crossclaims of Wisdom and Wilkes are DISMISSED, without prejudice and with leave to amend, for failure to follow Rule 8. The Securities Fraud claim in the Amended Complaint is DISMISSED, with prejudice. Under *Colorado River,* this action is stayed pending final resolution of the probate case. After the resolution of the probate case, Plaintiff Walid must move for leave to file a Second Amended Complaint. Defendants Wisdom and Wilkes must

move for leave to file any amended crossclaims. Any such filings must address the deficiencies identified in the F&R, ECF 182. Defendants' motions to dismiss are otherwise DENIED.

**IT IS SO ORDERED**.

DATED this 29th day of December 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge